1  TRINETTE G. KENT (State Bar No. 025180)
2  10645 North Tatum Blvd., Suite 200-192
   Phoenix, AZ 85028
3  Telephone: (480) 247-9644
4  Facsimile: (480) 717-4781
   E-mail: tkent@lemberglaw.com
5
6  *Of Counsel to*
   Lemberg Law, LLC
7  A Connecticut Law Firm
8  1100 Summer Street
   Stamford, CT 06905
9  Telephone: (203) 653-2250
10 Facsimile: (203) 653-3424
11
   Attorneys for Plaintiff,
12 Adam Locke

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Locke, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff <br><br> v. <br><br> DriveTime Automotive Group Inc.; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227,** *et seq***. (TELEPHONE CONSUMER PROTECTION ACT)** <br><br> **Demand for Jury Trial** |

CLASS ACTION COMPLAINT

For his Class Action Complaint, Plaintiff, Adam Locke, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Adam Locke ("Plaintiff"), brings this class action for damages resulting from the illegal actions of DriveTime Automotive Group Inc. ("DriveTime" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. DriveTime is a technology-based, privately held finance company that specializes in the acquisition and servicing of prime to subprime automotive retail installment contracts.

3. As part of its acquisition and servicing of automotive retail installment contracts, it uses robo-dialing systems to bombard unsuspecting consumers who have no relationship with it with robocalls and prerecorded messages.

4. Plaintiff is such a consumer, and he seeks relief for himself and all others similarly situated for DriveTime's unlawful behavior.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

CLASS ACTION COMPLAINT

6. Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

7. Venue is proper in this District. Defendant is a foreign limited liability company authorized to do business in the Commonwealth of Arizona. It has an Arizona registered office address on file with the Arizona Department of State. Defendant regularly, and at all times relevant herein, conducted business in the Commonwealth of Arizona and in Maricopa County.

**PARTIES**

8. Plaintiff is, and at all times mentioned herein was, an adult individual residing in 3060 Jim Glover Rd. Glasgow, Kentucky.

9. Plaintiff has never had a business relationship with DriveTime and never consented to be contacted by DriveTime on his cellular telephone.

10. DriveTime is, and at all times mentioned herein was, an Arizona business entity headquartered in Phoenix, Arizona.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

11. The TCPA regulates, among other things, the use of automated telephone dialing systems.

CLASS ACTION COMPLAINT

12. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

>   (A)  to store or produce telephone numbers to be called, using a random or sequential number generator; and

>   (B)  to dial such numbers.

13. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

14. Beginning in or around August of 2014, Defendant repeatedly placed automated calls and text messages to Plaintiff's cellular telephone 270-XXX-9408.

15. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. Upon information and belief, DriveTime utilized a predictive dialer manufactured by Aspect corporation in calls to the Plaintiff.

17. The dialing system would dial the Plaintiff's number and, if he answered the phone, then connect him to a live agent.

18. The agent him or herself was not dialing the phone.

19. When Plaintiff answered the phone, he was met with music as the system routed his call to an agent.

CLASS ACTION COMPLAINT

20. On other occasions, DriveTime sent text messages to the Plaintiff's cellular phone.

21. Upon information and belief, the texts were system generated messages sent by the Aspect dialing platform which has the capacity to transmit text SMS messages in addition to making calls. One such text message set forth:

> DriveTime visit reminder for 9:15AM on 9/13 at Gallatin Dealership. Directions? http://goo.gl/FRQa1 To Stop: DTSTOP. MSG & Data Rates may apply

22. When speaking with DrvieTime's representatives, Plaintiff requested that they cease calling his number.

23. Nevertheless, the calls and texts continued.

24. Defendant did not have Plaintiff's prior express consent to place automated calls to Plaintiff on his cellular telephone.

CLASS ACTION COMPLAINT

25. Defendant did not have Plaintiff's prior express consent to send him automated text messages.

26. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

## CLASS ACTION ALLEGATIONS

**A.** *<u>The Class</u>*

27. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

28. Plaintiff represents, and is a member of the following class: of two classes:

**<u>Class A</u>**

**All persons within the United States who received any telephone calls from Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.**

**<u>Class B</u>**

**All persons within the United States who received any text messages from Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.**

29. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

30. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

**B.** *Numerosity*

31. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**C.** *Common Questions of Law and Fact*

33. There are questions of law and fact common to the Class that predominate

CLASS ACTION COMPLAINT

over any questions affecting only individual Class members. These questions include:

    a. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

    b. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an artificial or prerecorded voice;

    c. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

    d. Whether Defendant's conduct was knowing willful, and/or negligent;

    e. Whether Defendant is liable for damages, and the amount of such damages; and

    f. Whether Defendant should be enjoined from such conduct in the future.

34. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D.** *Typicality*

35. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

CLASS ACTION COMPLAINT

**E.** *<u>Protecting the Interests of the Class Members</u>*

36.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F.** *<u>Proceeding Via Class Action is Superior and Advisable</u>*

37.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

38.     Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions.  These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

**<u>COUNT I</u>**
**<u>Negligent Violations of the Telephone Consumer Protection Act,</u>**
**<u>47 U.S.C. § 227, *et seq.*</u>**

39.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

CLASS ACTION COMPLAINT

40. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

41. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

42. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

44. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

45. Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

46. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

47. As a result of Defendant's knowing and/or willful violations of the

CLASS ACTION COMPLAINT

TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

5. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

| | | |
|---|---|---|
| 1 | DATED:  January 7, 2015 | LEMBERG LAW, LLC |

                                                   By: /s/Trinette G. Kent _____
                                                   Trinette G. Kent
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

CLASS ACTION COMPLAINT